IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Elizabeth E. Brown

| | |
|---|---|
| In re: ) | |
| ) | |
| ) | Bankruptcy Case No. 05-38723 EEB |
| WELDON THOMAS FAHEY and ) | Chapter 7 |
| LORETTA ANN FAHEY (Deceased), ) | |
| ) | |
| Debtors. ) | |
| ) | |

**APPEARANCES:**

Ellen R. Welner
4219 S. Broadway
Englewood, Colorado 80113
COUNSEL FOR THE DEBTOR

Harvey Sender
1999 Broadway, Suite 2305
Denver, Colorado 80202
TRUSTEE

**ORDER ON OBJECTION TO CLAIM OF EXEMPTION**

THIS MATTER comes before the Court on the Objection to Debtor's Claim of Exemption ("Objection"), filed by Harvey Sender, Chapter 7 trustee (the "Trustee"), and the Debtor's Response. The parties have elected to submit this matter to the Court based on briefs, rather than requesting an evidentiary hearing. The Objection presents a question of first impression for this Court: is a named beneficiary of a group life insurance policy entitled to exempt the policy proceeds under Colo. Rev. Stat. § 10-7-205? The Trustee argues that the literal language of the statute only exempts proceeds "paid to an employee," as opposed to a beneficiary. His interpretation would mean that group life insurance proceeds paid on the death of an employee would never be exempt because the insurer would not be able to pay the proceeds directly to the deceased employee. The Debtor argues that the statute is ambiguous and must be interpreted to apply to him as a beneficiary. Having reviewed the filings and being otherwise advised in the premises, the Court hereby FINDS and CONCLUDES:

**BACKGROUND**

The relevant facts are neither complex nor disputed. Weldon Thomas Fahey ("Debtor") and Loretta Ann Fahey ("Mrs. Fahey") filed their joint Chapter 7 petition on October 4, 2005. Mrs. Fahey died the next day. At the time of her death, Mrs. Fahey was covered by a group life insurance policy. She had named the Debtor as the beneficiary of that policy. On November 21, 2005, in an amendment to Schedules B and C, the Debtor claimed an exemption in the policy proceeds he received – which totaled $25,000 – pursuant to Colo. Rev. Stat. § 10-7-205.

**DISCUSSION**

The Debtor has claimed the insurance policy proceeds as exempt under Colo. Rev. Stat. Ann. § 10-7-205, which provides:

> No policy of group insurance, nor the proceeds thereof, when paid to any employee thereunder, shall be liable to attachment, garnishment, or other process, or be seized, taken, appropriated, or applied by any legal or equitable process or operation of law, to pay any debt or liability of such employee, or his beneficiary, or any other person who may have a right thereunder, either before or after payment, nor shall the proceeds thereof, where not made payable to a named beneficiary, constitute a part of the estate of the employee for the payment of his debts.

Colo. Rev. Stat. Ann. § 10-7-205. Although the statute has been on the books since 1919, it appears that no court has ever interpreted it in a published opinion.

State statutes are interpreted according to state rules of statutory construction. *See Citizens for Responsible Gov't State Political Action Comm. v. Davidson*, 236 F.3d 1174, 1190 (10th Cir. 2000). Colorado rules of statutory construction provide as follows:

> "Our primary task in construing a statute is to give effect to the intent of the General Assembly . . . . To discern that intent, a court should look first to the plain language of the statute." *Farmers Group, Inc. v. Williams*, 805 P.2d 419, 422 (Colo. 1991). When we determine that statutory language is ambiguous, we may look to rules of statutory construction and to the legislative history as indications of the legislature's intent. *Rodriguez v. Schutt*, 914 P.2d 921, 925 (Colo.1996). We give effect both to the spirit and to the intent of the legislators in enacting the statute. *Hall v. Walter*, 969 P.2d 224, 229 (Colo.1998). "Although we must give effect to the statute's plain and ordinary meaning, the General Assembly's intent and purpose must prevail over a literalist interpretation that leads to an absurd result." *Lagae v. Lackner*, 996 P.2d 1281, 1284 (Colo. 2000).

*Grant v. People*, 48 P.3d 543, 546-47 (Colo. 2002).

The Trustee argues that the phrase "when paid to any employee thereunder" requires no interpretation, as its plain language limits the availability of the exemption to group insurance policies that are paid to an insured employee. But, the statute applies to group life insurance policies. Construing the phrase as applying to a deceased employee would require the employee to receive policy proceeds upon or after his death, which would be impossible. Construing the phrase as applying to a deceased employee's personal representative or estate would create an internal inconsistency within the statute, as the statute later provides that the policy proceeds are not to constitute part of the employee's estate. The statutory language is therefore ambiguous. *See In re Heins*, 83 B.R. 504 (Bankr. S.D. Ohio 1988) (construing almost identical statutory provision, finding it ambiguous); *In re Fick*, 249 B.R. 108 (Bankr. W.D.N.C. 2000) (same). In order to ascertain the General Assembly's intent, the Court considers the following: (a) the statute's legislative history; (b) interpretation of other states' identical or similar exemption statutes; and (c) the consequences of different possible constructions of the statutory language.

### A.   Legislative History

By the early 1900's, labor unions had established mutual benefit societies in order to provide their members' families with death benefits. In response, large employers sought to obtain group life insurance policies that provided coverage for their employees. Insurance companies that attempted to meet this need were hampered by various state laws or regulations that prevented issuing insurance without a medical examination or prevented issuing insurance for a group at a lower premium rate than that charged for individual term insurance.[1]

In 1917, the National Convention of Insurance Commissioners ("NCIC") formed a committee to study the matter and to establish uniform standards for group life insurance. At the 1918 NCIC Session, held in Denver, the committee presented its report, which was adopted without any remarks. The committee report set forth proposed standard statutory language defining group life insurance and requiring policies to contain certain provisions. The report also included proposed statutory language that was intended to exempt the proceeds of group life insurance policies. The proposed exemption included the phrase "when paid to any employee or employees thereunder." *See Proceedings of the 49th Session* (Nat'l Convention of Ins. Comm'rs), Sept. 10-13, 1918, at 29.

Seven months after the NCIC Session, the Colorado General Assembly enacted House Bill 438, which contained the standard statutory language recommended at the Session. Colorado's exemption provision contained the phrase "when paid to any employee thereunder," almost identical to the language recommended by the NCIC. *See* 1919 Colo. Sess. Laws, ch. 135, at 444. Many other states adopted the NCIC's recommended language, and employer-provided group life insurance became quite popular. *See* Sterling Pierson, *The Legislatures Expand the Group Insurance Field*, 15 A.B.A. J. 407, 409-10 (1929).

### B.   Interpretation of Other States' Exemption Statutes

Colorado's group life insurance exemption statute was taken from the NCIC's model law. When a statute is patterned on a model law, a court may interpret the statute by looking to other states' interpretations of the model statute. *Szaloczi v. John R. Behrmann Revocable Trust*, 90 P.3d 835, 838-39 (Colo. 2004); *Pueblo Bancorporation v. Lindoe, Inc.*, 63 P.3d 353, 368 (Colo. 2003). Before comparing interpretations of other state statutes, the Court first turns to the language used in other states.[2]

#### 1.   Language Used in Other States' Exemption Statutes

Some states, such as Colorado, adopted language in their exemption statutes identical to that proposed by the NCIC, including the phrase "when paid to any employee [or employees] thereunder" ("Same Language"). Currently, five states have group life insurance exemption

---

[1] For background on the development of group life insurance, see M.H. Hedges, *Labor's Interest in Group Insurance*, 2 Law & Contemp. Probs. 94 (1935); Sterling Pierson, *The Legislatures Expand the Group Insurance Field*, 15 A.B.A. J. 407 (1929).

[2] The Court uses the term "state" to include United States territories and the District of Columbia.

3

statutes with the Same Language.  *See* Colo. Rev. Stat. Ann. § 10-7-205; D.C. Code § 31-4717; Ind. Code § 27-1-12-29; N.C. Gen. Stat. § 58-58-165; Ohio Rev. Code Ann. § 3917.05.

Other states, such as Massachusetts, adopted exemption language based on, but different from, that proposed by the NCIC, containing phrases such as "when paid to any employee or employees thereunder, or to their beneficiaries" ("Similar Language").  *See* 1918 Mass. Acts ch. 112, § 4.  Currently, twenty states have group life insurance exemption statutes with Similar Language.  *See* Ariz. Rev. Stat. Ann. § 20-1132; Ark. Code Ann. § 23-79-132; Del. Code Ann. tit. 18, § 2727; Haw. Rev. Stat. § 431:10-233; Idaho Code Ann. § 41-1835; Ky. Rev. Stat. Ann. § 304.14-320; La. Rev. Stat. Ann. § 22:649; Mass. Gen. Laws ch. 175, § 135; Me. Rev. Stat. Ann. tit. 24-A, § 2430; Mont. Code Ann. § 33-15-512; Nev. Rev. Stat. § 687B.280; N.J. Stat. Ann. § 17B:24-9; Okla. Stat. Ann. tit. 36, § 3632; P.R. Laws Ann. tit. 26, § 1134; Vt. Stat. Ann. tit. 8, § 3708; V.I. Code Ann. tit. 22, § 839; Va. Code Ann. § 38.2-3339; Wash. Rev. Code § 48.18.420; W.Va. Code Ann. § 33-6-28; Wyo. Stat. Ann. § 26-15-131.

For completeness' sake, the Court notes that five states currently provide a beneficiary a broad exemption for proceeds of all life insurance.  Md. Code Ann., Cts. & Jud. Proc. § 11-504(b)(2); N.M. Stat. § 42-10-3; 42 Pa. Cons. Stat. Ann. § 8124(c)(5); Tx. Ins. Code Ann. § 1108.051; Kan. Stat. Ann. § 40-414(a)(4).  Thirteen states currently provide that proceeds of all life insurance are exempt from the claims of a beneficiary's creditors in certain situations, such as when the beneficiary was the spouse of the deceased insured.  *See* Alaska Stat. § 09.38.030(e)(4); Cal Civ. Proc. Code § 704.100(c); Ga. Code Ann. § 44-13-100(a)(11)(C); 735 Ill. Comp. Stat. 5/12-1001(f); Iowa Code. Ann. § 627.6(6); Minn. Stat § 550.37(10); Neb. Rev. Stat. § 44-371; N.Y. Ins. Law § 3212(b)(2); N.D. Cent. Code § 28-22-03.1; S.C. Code Ann. § 15-41-30(11)(c); S.D. Codified Laws § 58-12-4; Utah Code Ann. § 78-23-5; Wis. Stat. Ann. § 815.18.  And, the federal statute (applicable only in states that have not opted out of the federal exemptions) provides a beneficiary with an exemption for the proceeds of life insurance when the beneficiary was a spouse and the proceeds are necessary for the beneficiary's support.  *See* 11 U.S.C. § 522(a)(1), (d)(11)(C).  While these statutes show that many states and the United States would allow a beneficiary to claim an exemption in the proceeds of group life insurance, *see, e.g.*, *In re Stilwell*, 321 B.R. 471 (C.D. Ill. 2005) (recognizing ability of beneficiary to claim exemption in bankruptcy), the Court will focus its discussion on statutes containing the Same Language and Similar Language as the NCIC's proposed language.

### 2. Early Interpretation of Same and Similar Language

In the early part of the twentieth century, courts and commentators made no distinction between statutes with the Same Language and statutes with Similar Language.  Both types were recognized as creating an exemption for the proceeds of matured life insurance policies, which exemption could be claimed by either the insured's estate or by a named beneficiary.  Treatises cited both Same Language and Similar Language statutes together, noting that "[s]uch exemption is in favor not only of the insured employee but also of his beneficiary or beneficiaries," Earl T. Crawford & Samuel P. Harlan, *The Law of Group Insurance* § 60 (1936), and that "the protection afforded to the beneficiary or the insured's estate if the policy is so payable is extremely broad," William R. Vance & Buist M. Anderson, *Vance on Insurance* § 124(2) (3rd ed. 1951).

Early law review commentary recognized a broad exemption for proceeds of group life insurance policies.  *See, e.g.*, Harold J. Taylor, *The Life Insurance Law of Massachusetts*, 19 B.U.

L. Rev. 244, 260 (1939) (group life insurance policies paid to the beneficiary are exempt from claims of the beneficiary's creditors). Such commentary was not limited to Similar Language states. In North Carolina, shortly after the legislature adopted a group life insurance statute containing a Same Language exemption, one author explained:

> The proceeds of the [group life insurance policy] are exempt from execution. The employee usually names a beneficiary but if he omits to do so the proceeds of the policy go to his dependents. The insurance money will not be paid to his estate if he has any dependents or any relatives as close as brother or sister.

J. C. Rodman, Jr., Comment, *Group Insurance – Rights of Beneficiary Under Group Policy*, 6 N.C. L. Rev. 225, 226 (1927-28); *see also* Note, *Insurance*, 3 N.C. L. Rev. 145, 146 (1924-1925) ("The proceeds are exempt from execution.").

Finally, early case law concluded that beneficiaries could claim an exemption in both Same Language and Similar Language states. For example, Virginia adopted a group life insurance statute with a Similar Language exemption. In *Carney v. Poindexter*, 196 S.E. 639 (Va. 1938), the court stated that the exemption "entitles a named beneficiary to hold the proceeds of a group life insurance policy free from attachment, garnishment, or other legal process." *Id.* at 641. Pennsylvania adopted a group life insurance statute with a Same Language exemption. In *Kruczaj v. Komar*, 24 Pa. D. & C. 211 (1935), the plaintiff, who sought to attach a beneficiary's interest in group life insurance proceeds, argued that the language "when paid to any employee thereunder" limited the exemption to proceeds paid to an employee. The *Kruczaj* court disagreed, holding that "the proceeds of group insurance shall be protected from attachment, etc., when paid to the employe[e] or his named beneficiary or where no beneficiary is named." *Id.* at 214; *see also Beaver Falls Thrift Corp. v. Jones*, 43 Pa. D. & C.2d 177 (1967) (same).

### 3. Recent Interpretation of Same Language

Bankruptcy courts in two Same Language exemption states, Ohio and North Carolina, have recently construed their group life insurance exemption statutes. In *In re Heins*, 83 B.R. 504 (Bankr. S.D. Ohio 1998), the court rejected the trustee's argument that the phrase "when paid to any employee thereunder" limited the exemption to insurance policies paid to employees. *Id.* at 505. Having determined that a beneficiary could claim an exemption, the *Heins* court then questioned the proper scope of the exemption. The court attempted to reconcile Ohio's group life insurance exemption statute, which seemed to provide an unlimited exemption for beneficiaries, with a separate Ohio exemption statute for individual life insurance, which provided an exemption only from claims of the insured's creditors. In order to read the two statutes together, the *Heins* court considered the policy objective of protecting beneficiaries who were dependent on the insured. *Id.* at 505-06. The court held that a beneficiary of a group life insurance policy could exempt the proceeds from the beneficiary's creditors only if the beneficiary was a dependent of the insured, bolstering its conclusion by reference to the federal exemption statute, which includes the same limitation. *See id.* at 506; 11 U.S.C. § 522(d)(11)(C) (federal exemption statute). Later bankruptcy cases in Ohio have followed *Heins*. *See In re North*, 108 B.R. 180 (Bankr. S.D. Ohio 1989) (beneficiary was not dependent on the insured; exemption denied); *In re Lewis*, 327 B.R. 645 (Bankr. S.D. Ohio 2005) (beneficiary was dependent on the insured; exemption allowed).

5

In *In re Fick*, 249 B.R. 108 (Bankr. W.D.N.C. 2000), the court followed *Heins* in part. The *Fick* court similarly rejected the trustee's argument that the exemption statute was limited to insurance policy proceeds "paid to any employee," and held that a beneficiary was entitled to claim an exemption. *Id.* at 109. But, in considering the scope of the exemption to which the beneficiary was entitled, the *Fick* court held that the exemption could be claimed only against creditors of the insured, not creditors of the beneficiary. *Id.* at 109-10. The *Fick* court did not discuss the *Heins* court's holding that a beneficiary who was dependent on the insured could claim an exemption from his own debts.

### C.     Possible Constructions of the Statutory Language

The language of Colorado's statute and the case law of other states discussed above suggest three possible constructions: (1) the statute could be construed in a narrow sense, as the Trustee argues; (2) the statute could be construed as available to beneficiaries but limited in scope, as recent bankruptcy court cases have held; or (3) the statute could be construed in a broad sense, as early cases and commentary held. The consequences of each construction will be discussed in turn. *See Klinger v. Adams County School Dist. No. 50*, 130 P.3d 1027, 1031 (Colo. 2006) ("[W]here the language is ambiguous we rely on other factors such as legislative history, the consequences of a given construction, and the end to be achieved by the statute.") (citing *People v. Yascavage*, 101 P.3d 1090, 1093 (Colo. 2004)).

#### 1.     Narrow Construction – Exemption Available Only to Employee

The Trustee argues that Colorado's statute should be construed narrowly, so that the exemption is limited to insurance policies in which the proceeds are paid to the employee while he is alive. To be sure, the language "when paid to any employee thereunder," standing on its own, could suggest this limitation. But, that language does not stand on its own. Instead, that language is part of a paragraph that provides an exemption from "any debt or liability of such employee, *or his beneficiary*, or any other person who may have a right thereunder, either before or after payment." Colo. Rev. Stat. Ann. § 10-7-205 (emphasis added). A narrow construction would mean that the insurance proceeds would be protected from the debts of a beneficiary, but the beneficiary would not be able to claim the exemption. It is unlikely that the General Assembly intended this "literalist interpretation that leads to an absurd result." *Lagae v. Lackner*, 996 P.2d 1281, 1284 (Colo. 2000); *Grant v. People*, 48 P.3d 543, 546-47 (Colo. 2002). As the *Kruczaj* court held:

> [A narrow] construction would make meaningless that part of the act which takes care of a beneficiary named in the policy, by providing that to exempt her money it must be paid, not to her, but to the employe[e] himself. This exemption act would then defeat its own purpose by first exempting the proceeds to a beneficiary named, or to any other person who may have a right under the policy, and by then taking away its exemption by providing it must be paid to the employe[e] himself.
>
> We do not so read the act, though it is somewhat ambiguous, but the intention of the legislature seems plain that the proceeds of group insurance shall be protected from attachment, etc., when paid to the employe[e] or his named beneficiary or where no beneficiary is named.

6

24 Pa. D. & C. at 214.

Also, a narrow construction contradicts the well-established principle that exemption statutes are to be liberally construed. Colo. Const. art. XVIII, § 1; *In re Marriage of Gedgaudas*, 978 P.2d 677, 680 (Colo. Ct. App. 1999).

Finally, the Court notes that eighty-eight years have passed since states first adopted the NCIC's proposed exemption language. Twenty-five states still have Same Language or Similar Language exemption statutes. As the case law discussed above shows, at various times during the past eighty-eight years, creditors and bankruptcy trustees have asked courts to declare that the exemption is limited to group insurance policies payable to the employee. The parties have not cited, nor has this Court found, any case that has so held. This will not be the first. The Court will not apply a narrow construction to Colo. Rev. Stat. Ann. § 10-7-205.

### 2. Exemption Available to Beneficiary but Limited in Scope

Recent bankruptcy court decisions have held that the group life insurance exemption should be construed as applicable to a beneficiary, but limited in scope. The *Heins* court limited the scope of the exemption by adding a requirement that the beneficiary be a dependent of the insured. The *Fick* court limited the scope of the exemption to claims of the insured's creditors. The Court is not persuaded that either limitation is warranted by the language of the statute.

The statutory language provides an exemption from every type of process "to pay any debt or liability of such employee, or his beneficiary, or any other person who may have a right thereunder, either before or after payment." Colo. Rev. Stat. Ann. § 10-7-205. A limitation of the scope of the exemption contradicts the broad language of the statute. It appears that the *Heins* court and the *Fick* court found it necessary to limit the scope of the exemption because without such a limitation, the group life insurance exemption would exceed the exemption available for proceeds of individual life insurance policies. While it is true, as a matter of statutory interpretation, that statutes relating to the same subject matter should be construed together, *see Walgreen Co. v. Charnes*, 819 P.2d 1039, 1043 n.6 (Colo. 1991), that does not mean that language present in one statute should be engrafted onto a separate statute passed at a separate time.

Like other states, Colorado provides a limited exemption for proceeds of individual life insurance policies. Under Colo. Rev. Stat. § 13-54-102(*l*), proceeds of individual life insurance policies are exempt from the debts of the insured, but not of the beneficiary. But, the limitation applicable to the proceeds of individual life insurance policies should not be read into the exemption for group life insurance policies. Not only is the statutory language of the two exemptions different, but also the two types of insurance are different. As one court noted:

> Group insurance is a distinct form of insurance. Under the usual life policy the premium charged is somewhat larger than the actual cost of coverage, and as a consequence a reserve is in time built up. It is due to the existence of this reserve that the insured may borrow upon his policy, be entitled to extended insurance in the event he ceases making premium payments, and various other benefits usually granted by the contract. Group insurance is in the nature of term insurance. Group insurance policies do not confer privileges usually granted in ordinary life

      insurance policies.

*Howard v. Aetna Life Ins. Co.*, 67 N.E.2d 878, 881 (Ill. Ct. App. 1946), *cited in* 1 *Couch on Insurance* § 1:29 (Lee R. Russ & Thomas F. Segalla eds., 3rd ed. updated 2006).  It is within the discretion of the General Assembly to make a policy distinction between proceeds of group life insurance and proceeds of individual life insurance, the additional features of which may be more susceptible to abuse by parties seeking to improperly shield their assets from creditors.

      At the time the group life insurance exemption was enacted, many states provided a broad exemption for proceeds of insurance policies paid by fraternal benefit societies.  *See, e.g., State ex rel. Lankford v. Collins*, 174 P. 568 (Okla. 1918); *First Nat'l Bank v. How*, 67 N.W. 994 (Minn. 1896).  The exemptions typically contained language similar to that recommended by the NCIC for group life insurance.  For example, North Dakota's statute provided that proceeds from a fraternal benefit society policy:

> shall not be liable to attachment by trustee, garnishee or other process, and shall not be seized, taken, appropriated or applied by any legal or equitable process, or by operation of law, to pay any debt or liability of a certificate holder, or of any beneficiary named in a certificate, or any person who may have any right thereunder.

N.D. Comp. Laws § 5053 (1913), *quoted in Brown v. Steckler*, 168 N.W. 670 (N.D. 1918).  Courts acknowledged that the proceeds of fraternal benefit society policies were entitled to different treatment than proceeds of individual life insurance policies, based on the distinction between the two types of insurance.  *See Supreme Council of Royal Arcanum v. Behrend*, 247 U.S. 394, 399 (1918) ("The difference between ordinary life insurance and that furnished by the fraternal benefit societies has been universally recognized in legislation and is a matter of common knowledge.").  As the *Brown* court stated:

> The court also may take judicial notice that in almost all of the fraternal associations the amount of the insurance or benefit is limited to a comparatively small amount, whereas in the so-called old-line companies there is practically no limit to the policy, which has usually a cash surrender and loan value, and can be used as collateral security for the debts of the insured, and not merely for the benefits of his relatives or dependents, and is often taken out as a business venture and for business purposes.  We may also judicially notice the fact that the fraternal associations serve a peculiar purpose in affording insurance for those of moderate means.  These considerations fully justify the classification complained of.

168 N.W. at 672.  Many, if not all, of those considerations would also apply to group life insurance policies.

      This Court similarly concludes that the General Assembly intended to create a broader exemption for proceeds of group life insurance policies than for proceeds of individual life insurance policies.  *See In re Kennedy*, No. CO-05-033, 2005 WL 2662328, at *3 (10th Cir. BAP Oct. 19, 2005) (noting difference between Colo. Rev. Stat. §§ 10-7-205 and 13-54-102(*1*)).  Given the differences between the two types of insurance and the complete lack of similarity in language of the two exemption statutes, the Court will not consider Colo. Rev. Stat. § 13-54-

8

102(*l*) in its analysis of Colo. Rev. Stat. § 10-7-205.

### 3. Broad Construction – Full Exemption Available to Beneficiary

The intent of the General Assembly in enacting Colo. Rev. Stat. Ann. § 10-7-205 was to protect the proceeds of group life insurance from the claims of creditors. *See Kruczaj*, 24 Pa. D. & C. at 214. A broad construction of the statute best accomplishes this intent. *See Ma v. People*, 121 P.3d 205, 210 (Colo. 2005) ("[W]hen [statutory language] can be defined in either a broad or a narrow sense, the definition that will best effectuate the General Assembly's intent should be applied.") (citing *Fifteenth St. Inv. Co. v. People*, 81 P.2d 764, 769 (1938)).

The Court can envision several possible explanations for the use of the phrase "when paid to any employee thereunder." The drafters could have intended to include the beneficiary in the reference to the employee. *See* Note, *Some Economic and Legal Aspects of Group Insurance Policies*, 36 Colum. L. Rev. 89, 96 (1936) ("Treating as a unity the employee and his beneficiary, the courts have generally considered the setup as triangular [insurer-employer-employee] rather than four-cornered [insurer-employer-employee-beneficiary].") This could explain why statutes with Similar Language, specifically referencing beneficiaries as well as employees, were not treated differently from statutes with Same Language at the time the statutes were enacted. Or, the drafters could have used the phrase to distinguish the situation in which the proceeds were paid to the employer or a specific creditor. *See* Note, *Creditor Group Life Insurance – Protecting the Insured Against Misrepresentations at the Time of Application*, 26 Ind. L.J. 542 (1950-1951) (discussing group life insurance policies taken out by and payable to certain creditors). Or, the drafters could have intended the phrase to apply to the timing of the exemption, to make clear that the exemption was available when the proceeds were paid. *Cf. Genesee Valley Trust Co. v. Glazer*, 66 N.E.2d 169 (N.Y. 1946) (discussing separate statute, which exempted proceeds prior to their payment). It is not necessary, nor indeed possible, for the Court to say with certainty why the drafters used that phrase. But, it is clear that the drafters intended the exemption to be available to beneficiaries, and the Court will interpret the statute in accordance with that intent. *See Grant v. People*, 48 P.3d 543, 546-47 (Colo. 2002).

### CONCLUSION

The Court concludes that, consistent with the vast majority of states and the United States, Colorado provides an exemption pursuant to which a named beneficiary may claim an exemption in the proceeds of a policy of group life insurance, as against the debts of the insured or of the beneficiary himself. The Trustee's Objection will be denied by separate judgment.

Dated this 21st day of September, 2006.

BY THE COURT:

*Elizabeth E. Brown*
Elizabeth E. Brown
United States Bankruptcy Judge